# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
PAUL E. WOMMER, BAR NO. 15.

No. 70701



FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Paul E. Wommer. This disciplinary matter arose from Wommer's conviction in the United States District Court for five felony counts, which included three counts of structuring financial transactions in violation of 31 U.S.C. §§ 5324(a)(3), (d)(1), and (d)(2) and 18 U.S.C. § 2; one count of tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and one count of making and subscribing a false return, statement, or other document in violation of 26 U.S.C. § 7206 and 18 U.S.C. § 2. Wommer had a dispute with the IRS where he refused to pay interest and penalties he owed for tax year 2007. When Wommer became aware that the IRS intended to levy his bank accounts, he made 15 cash withdrawals of mostly $9,500 each from the accounts over a two-

week period and deposited the funds into his secretary's account at the same bank. When the IRS levied Wommer's accounts, the money was gone. The transfers were structured to evade the bank's reporting requirements for cash transactions over $10,000 and to defeat the IRS's levy. Wommer also made a false statement on an IRS Form 433-A, declaring under penalty of perjury that his accounts contained $1,000 when he knew they actually contained substantially more than that amount.

Under the conditional guilty plea agreement, Wommer admitted to violating RPC 8.4(b) (misconduct: commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer). The agreement provides for a three-year suspension retroactive to December 17, 2013, the date that this court temporarily suspended Wommer from the practice of law pursuant to SCR 111. The agreement further provides that Wommer must undergo a psychological evaluation before filing a petition for reinstatement and pay the actual costs of the disciplinary proceedings.

By virtue of the guilty plea agreement, Wommer has admitted to the facts and violations alleged in the complaint. In determining the appropriate disciplinary sanction, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). This court reviews the panel's conclusions of law and recommendation de novo, but employs a deferential standard of review for findings of fact. SCR 105(3)(b).

Considering the duties violated, the injury caused by Wommer's misconduct, and the aggravating and mitigating circumstances, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Wommer's criminal acts implicate his ethical duty owed to the public to maintain personal integrity. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.1 (Am. Bar Ass'n 2015). Although Wommer has substantial experience in the practice of law and engaged in illegal conduct with a selfish motive, Wommer cooperated with the State Bar's investigation, has a good reputation and character, suffered other penalties including imprisonment and forfeiture, and presented evidence of a physical and/or mental disability that may have clouded his judgment. *See* SCR 102.5. Additionally, Wommer's actions did not involve clients or client funds. Therefore, we conclude that the recommended three-year suspension is sufficient to serve the purpose of attorney discipline in this case. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 129, 756 P.2d 464, 473 (1988) (observing that the purpose of attorney discipline is not to punish an attorney but to protect the public and the integrity of the bar).

Accordingly, we suspend Wommer from the practice of law for three years, retroactive to December 17, 2013, the date of his temporary suspension. Before petitioning for reinstatement, Wommer must undergo a psychological evaluation. Additionally, Wommer shall pay the actual

costs of the disciplinary proceeding as invoiced by the State Bar within 30 days from the date of this order. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ Cherry _____, C.J.
Cherry

_____ Douglas _____, J.
Douglas

_____ Gibbons _____ J.
Gibbons

_____ Parraguirre _____, J.
Parraguirre

PICKERING, J., with whom, HARDESTY and STIGLICH, JJ., agree, concurring:

I write separately because I believe that a four-year suspension, retroactive to the date of the temporary suspension, is more appropriate discipline for Wommer's misconduct. Wommer was convicted in the United States District Court of five felony counts including structuring financial transactions, tax evasion, and making a false statement under penalty of perjury. His conduct involved elements of dishonesty and fraud. Public confidence in the legal profession depends upon attorneys abiding by high standards of integrity and honesty. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards* 450 (2016) ("The community expects lawyers to exhibit the highest standards of honesty and integrity, and lawyers have a duty not to engage in conduct involving dishonesty, fraud, or interference with the administration of justice."). Nevertheless,

because Wommer entered a conditional guilty plea in exchange for a three-year suspension that runs retroactively to the date of his temporary suspension, December 17, 2013, I would approve the conditional guilty plea agreement. By the time Wommer petitions for reinstatement he effectively will have been suspended for close to four years, and therefore, rejecting the conditional guilty plea agreement and sending the matter back for imposition of a four-year term would be an exercise in futility. For these reasons, I concur.

_____*Pickering*_____, J.
       Pickering

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Law Offices of David M. Korrey
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court